GUERNSEY, Chief Judge.
MEMORANDUM OF DECISION
This case arises out of an incident occurring April 26, 2002[1] in which the Plaintiff, a patron at the Mohegan Sun Casino, walked into a free-standing sign located in the middle of the hallway between the outer concourse and the gaming area near the Seasons Buffet. The sign, 4 feet, 4⅛ inches in height, sits on top of a dark, wooden post attached to a black, square metal base. The top portion of the sign contains a space for displaying notices and accommodates an 8-½ inch by 11-inch announcement. On the day of this incident, the sign gave notice to minors and their parents that no one under the age of 21 was permitted.[2] The area between the Concourse and the gaming area is further set off by a red stripe in the carpet, and a security guard is stationed nearby.
A friend who had been to the Casino once or twice previously accompanied the Plaintiff, who had been to the Mohegan Sun Casino on numerous prior occasions. The two men were walking and discussing where they would go next. The Plaintiff testified that he was looking towards his friend on his left when he collided with the sign. He fell, suffering a fracture of the left index finger and injuries to his neck, back, right knee and shin. The Plaintiff claims that the Defendant was negligent in placing the sign in the center of a busy hallway. The Defendant claims the Plaintiff walked into an obvious sign placed there for the laudable purpose of preventing minors from entering the gaming area of the Casino, and thus was responsible for his own injuries.
The actual signpost (or an exact replica), introduced into evidence as Defendant’s Exhibit E, although far from imposing, was .still quite visible in the absence of pedestrian traffic in the hallway, as shown in photographs marked as Plaintiffs exhibits 6b, c, d, e and f. According to the testimony of the Plaintiff, however, this incident took place on a Friday afternoon, and the hallway was crowded with casino patrons. Although the Defendant presented the testimony of Security Supervisor Daniel Silvestre that a security officer stands by the sign, checking identification and assisting patrons, Mr. Silvestre’s Incident Report and Guest Injury Report (Defendant’s Exhibits A and B) do not disclose any security officer as a witness to this incident, thus corroborating the Plaintiffs evidence that no security officer was present at the time of the accident.
Since 1929 Connecticut has recognized a distinction between cause and condition, and adopted the substantial factor test in tort cases:
To constitute such causal relationship between defendant’s tort and plaintiffs damage as will suffice to maintain an action of tort, the defendant’s tort must *579 have been a substantial factor in producing the damage complained of.
Mahoney v. Beatman, 110 Conn. 184, 195, 147 A. 762 (1929). As to the cause of Plaintiffs collision with the sign, Plaintiffs own testimony was that he was looking to his left, to his companion, and not looking forward,[3] when the sign suddenly “popped up” (an expression Plaintiff explained meant that he did not see the sign before colliding with it). This is consistent with his description to Dr. Reardon (Plaintiffs Exhibit 1) that the Plaintiff “was talking to a friend, looking to the left, when he walked into a sign that was in the middle of the [ajisle.” Similarly, his previous visit to the Middlesex Hospital produced the following history:
The patient states he was not paying attention while he was walking and walked into a sign three days ago. He fell and injured his left index finger as well as his right knee and right shin.
Plaintiffs Exhibit 3. Although a different conclusion might have resulted had the Plaintiff been distracted by the other signs and exhibits in the Casino, or if his view of the sign had been obscured by another patron, the evidence clearly indicates that he was not even looking in the direction of the sign when he collided with it. There was no expert testimony presented that the placing of any kind of sign in the Concourse was dangerous[4] or that the Plaintiff would even had seen a security guard had one been standing by the sign.
Accordingly, it is held that the negligence, if any, on the part of the Defendant in the placing of the sign in the Concourse or in failing to have a security officer present was not a substantial factor in producing Plaintiffs injuries. Judgment may enter for the Defendant.

. The parties have stipulated that, notwithstanding the allegations of the complaint, the incident occurred on Friday, April 26, 2002.

, Although minors (under the age of 21) are permitted on the Concourse, containing restaurants and shopping areas, they are not permitted in the gaining potion of the Casino. "No person under the minimum age for purchase of alcoholic beverages under the laws of the State shall be admitted into any gaming facility ..." Tribal—State Gaming Compact, Section 3(e).

. Although Plaintiff correctly asserts that many of the signs in the Mohegan Sun Casino are above eye level, in the instant case the evidence is clear that this did not distract the Plaintiff's attention, inasmuch as he was looking at his friend to the left rather than the area in front of him or even above him.

. To the contrary, the Defendant presented evidence that the security director was aware of no other incidents involving patrons walking into such signs, of which there were five or six at the Casino.